IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DEAN C. BOYD, #167698                                                                                PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 4:12-cv-56-HTW-LRA

CHRISTOPER COLLINS, Public Defender                                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

This cause is before the Court, sua sponte, for consideration of dismissal. Plaintiff, an inmate currently incarcerated in the Issaquena County Correctional Facility, Mayersville, Mississippi, filed this complaint pursuant to Title 42 U.S.C. § 1983. The named defendant is Christoper Collins, Public Defender.

## Background

Plaintiff states that about one week before he entered a guilty plea defendant Collins was appointment to represent him in a state criminal matter. Compl. [1] at p.4. Then on or about April 26, 2011, while at the plea hearing of his state criminal matter, plaintiff asked defendant Collins to review "the evidence that was pending against him, and [he informed defendant Collins] that he didn't want to plea out." *Id*. However, according to the plaintiff, defendant Collins became "very, very hostile" and stated that plaintiff would go to court "today or go to court tomorrow and get (40) years." *Id*. Plaintiff claims that defendant Collins never discussed his criminal case with him. *Id*.

## Analysis

The Prison Litigation Reform Act, Title 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii)

fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court has permitted plaintiff to proceed in forma pauperis[1] in this action; therefore his complaint is subject to sua sponte dismissal pursuant to Title 28 U.S.C. § 1915(e)(2).

In order to have a viable claim under Title 42 U.S.C. § 1983, the plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States and that the person depriving plaintiff of this right acted under color of any statute of the State. Daniel v. Ferguson, 839 F.2d 1124 (5th Cir. 1988). The allegations of the instant civil action fail to establish that defendant Collins is a state actor. See Eaves v. Texas, 427 Fed. App'x. 378, 379, 2011 WL 2204738, at *1 (5th Cir. June 7, 2011)(citing Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988)(holding that a "court-appointed attorney is not a state actor and, as such, is not subject to suit under § 1983). Therefore, any deprivation plaintiff allegedly suffered from defendant Collins was not "under color of state law." See Polk County v. Dodson, 454 U.S. 312 (1981)(finding that an attorney appointed by the court to represent a plaintiff in a criminal matter does not, standing alone, establish that the court appointed attorney was a state actor under § 1983). Thus, plaintiff cannot maintain this complaint pursuant to Title 42 U.S.C. § 1983 against defendant Collins.

As for plaintiff's claim that defendant Collins was ineffective in representing him in his criminal matter, this Court finds that plaintiff must pursue such a claim as a request for habeas corpus relief. Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (citing Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989))(holding that a plaintiff must pursue claims that

---

[1]Plaintiff was granted permission to proceed *in forma pauperis* by Order [7] entered on April 19, 2012.

affect his eligibility for, or entitlement to, accelerated release through habeas corpus). Before the plaintiff can pursue this matter through habeas corpus in federal court, he is required to exhaust his available state remedies. Preiser v. Rodriguez, 411 U.S. 475 (1973); Thomas v. Torres, 717 F.2d 248, 249 (5th Cir. 1983). In the allegations of the instant civil action, this Court finds that the plaintiff does not demonstrate that he has satisfied the exhaustion requirement of Title 28 U.S.C. § 2254(b)(1)(A). Therefore, the portion of plaintiff's complaint raising a claim for habeas corpus relief will be dismissed without prejudice so that plaintiff may pursue such claims as a request for habeas relief.

## Conclusion

Based on the foregoing discussion, plaintiff cannot maintain this Title 42 U.S.C. § 1983 action against defendant Collins because he is not a state actor. Furthermore, plaintiff's claim that defendant Collins was ineffective in representing him in his state criminal trial is habeas in nature and not properly pursued under Title 42 U.S.C. § 1983. Consequently, this § 1983 civil action will be dismissed with prejudice and to the extent plaintiff is asserting a habeas claim it will be dismissed without prejudice.

A final judgment in accordance with this memorandum opinion and order will be entered.

SO ORDERED, this the 25th day of April, 2012.

                                                s/ HENRY T. WINGATE
                                                UNITED STATES DISTRICT JUDGE